UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

VERNON A. WHITEHURST     *     Chapter 13
Debtor     *     Case No. 14-52062-AEC

**CHAPTER 13 PLAN**

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of $1875.00 monthly.

2. From the payments so received, the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.

(b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
| Bank of America | December 2014 | 978.60 |
|  |  |  |
|  |  |  |
|  |  |  |

(c) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or , if the collateral for the debt is any other thing of value, the debt was incurred within 1 years of filing. *See* § 1325(a)

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT DUE |
|---|---|---|---|---|---|
| Robins Fed C U | 7957.95 | 7875.00 | 4.00 | 04 Nissan Path | 350.00 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(f) *Attorney fees ordered pursuant to 11 U.S.C. §507(a)(2) of $3,000.00 to be paid as follows:

Paid pursuant to administrative order                                     MONTHLY PAYMENT AMOUNT

| **Pursuant to the Current Administrative Order on Attorney Fee Awards** |  |
|---|---|

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL |
|---|---|---|---|---|
| Bank of America | 33228.42 | Debt | 3.00 | House and lot |
|  |  |  |  |  |
|  |  |  |  |  |

(h) The following collateral is surrendered to the creditor:

NAME OF CREDITOR                              DESCRIPTION OF COLLATERAL

| **NAME OF CREDITOR** | **DESCRIPTION OF COLLATERAL** |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include the interest at the rate of ___%. (If this is left blank, no interest will be paid.)

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(j) The following unsecured claims are classified to be paid at 100%. These payments will be made simultaneously with payment of the secured debt:<u>NONE.</u>

(k) All other 11 U.S.C. §507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtor(s) will be the disbursing agent on the following debts: **NONE.**

(m) Special provisions: The title to the debtor's automobile(s) shall be released to the debtor upon completion of the plan with all liens thereon cancelled. Upon discharge, all non-purchase money, non-possessory liens in, on, or against any and all property of the bankruptcy estate held by the following listed creditors shall be avoided pursuant to 11 U.S.C. Section 522(f), and upon notice of discharge the creditors shall cancel said liens of record within fifteen (15) days of such notice: <u>World Finance.</u>

(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)

  (i) Debtor will pay all of his disposable income as shown on form B22C of <u>$0.00</u> to the non priority unsecured creditors in order to be eligible for a discharge.

  (ii) If the debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive <u>$00.00</u>. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

  (iii) The debtor will pay <u>$0.00</u> to the general unsecured creditors to be distributed pro-rata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid:

  (a)  A 0% dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii), or (n) (iii), and the debtors pay in at least 36 monthly payments to be eligible for discharge.

  (b) The debtor(s) will make payments for <u>58 months</u> and anticipates a dividend of <u>4.00%,</u> but will also exceed the highest amount shown in Paragraph (n)(i), (n)(ii), or (n)(iii) above.

(p)Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor(s), remains property of the estate subject to the court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtor(s). All property in the possession and control of the debtor(s) shall be insured by the debtor(s). The Chapter 13 trustee will not and is not required to insure assets and has no liability for injury to any person, damage or loss to any property in possession and control of the debtor or other property affect by property in possession and control of the debtor.

(q)  Notwithstanding the proposed treatment or classification of any claim in the Plan confirmed in this case, all lien avoidance motions or litigation involving the validity of liens, or preference actions, will be reserved and can be pursued after confirmation.  Successful lien avoidance or preference actions will be grounds for modification of the Plan.

Dated:  September 22, 2014.

  /s/    VERNON A. WHITEHURST
VERNON A. WHITEHURST